UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRICIA LYNN SNYDER,

                    Plaintiff,

                                                    **Hon. Hugh B. Scott**

        v.                                          12CV893A

                                                    **Report
                                                    and
CAROLYN W. COLVIN, Acting                           Recommendation**
Commissioner of Social Security[1],

                    Defendant.


        Before the Court are the parties' respective motions for judgment on the pleadings

(Docket Nos. 9 (plaintiff), 12 (defendant Commissioner)).

## INTRODUCTION

        This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination

of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled

to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

        The plaintiff, Tricia Lynn Snyder ("Snyder" or "plaintiff"), filed an application for

disability insurance benefits on August 10, 2009, and on July 22, 2009, for supplemental security

income.  That application was denied initially and on reconsideration.  The plaintiff appeared

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social
Security.  Pursuant to Federal Rule of Civil Procedure 25(d)(1), Ms. Colvin is substituted for
now former Commissioner Michael J. Astrue as Defendant in this action; no further action is
required, 42 U.S.C. § 405(g).

before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated April 6, 2011, that the plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on July 23, 2012, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on September 19, 2012 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 9, 12 [2]). The motions were submitted without oral argument (Docket No. 14).

## FACTUAL BACKGROUND[3]

Plaintiff was born on April 3, 1972, was 39 years old at the time of the ALJ's decision, and has a high school education (R. 32, 36-37). Plaintiff last worked on March 16, 2006 (the onset date), as a rail assembler or receptionist (R. 29, 36). She claims major depressive disorder, anxiety disorder, was HIV positive; she also claimed thyroid cancer (deemed by the ALJ not to be an impairment to her ability to perform basic work activity) (R. 29) and asthma that could be considered in the residual functional capacity but the ALJ deemed it to be non-severe (R. 29-30).

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff left work on March 16, 2006, because she could no longer handle work due to anxiety (R. 32).

---

[2]In support of the Commissioner's motion, defendant submits, in addition to the Social Security Administrative Record, defendant's Memorandum, Docket No. 12; her Reply Memorandum, Docket No. 17. Plaintiff submits in support of her motion, her Memorandum of Law, Docket No. 9; her Reply Memorandum (also in opposition to defendant's motion), Docket No. 18.

[3] References noted as "(R.___)" are to the certified record of the administrative proceedings.

The ALJ found that plaintiff did not have an impairment or combination of impairments that meet or equal listed impairments (in particular 20 C.F.R. Part 404, Subpart P, Appendix 1, Sections 3.03, 12.04, 12.06, 14.08) in the Social Security regulations (R. 30). As for her claimed mental impairments, the ALJ found that she did not meet or equal the criteria listed in Sections 12.04 or 12.06, by not having paragraph B criteria of at least two marked restrictions (that is a more than moderate limitation or repeated instances of decomposition) (R. 30). The ALJ concluded that plaintiff had only mild restriction, based upon the reports of Dr. Karl Euronius and Christine Ransom, Ph.D. (R. 295-99, 290-94, 30), and plaintiff's own Function Report (R. 168-75, 30). Plaintiff did not experience episodes of decomposition (R. 30).

The ALJ found that plaintiff had a residual functional capacity of a full range of work at all levels, but with limits to exposure to heat and cold, wetness, humidity, fumes, odors, dusts, gases, and poor ventilation; limited to simple, routine, and repetitive tasks; requires a low stress job (with only occasional decision making and occasional changes in work setting and only occasional direct interaction with public, coworkers, and supervisors) (R. 31). The ALJ concluded that plaintiff could not return to her past relevant work (R. 36). Considering plaintiff's nonexertional limitations, the ALJ posed a hypothetical of a claimant with plaintiff's residual functional capacity, age, education, and experience to the vocational expert; the expert opined that this claimant could perform the requirements of such occupations as a labeler, a laundry worker, or a tag inserter (R. 37, 64-65). Plaintiff's attorney posed questions that added to this hypothetical, asking if plaintiff had panic attacks and panic disorder for four times a month would the vocational expert conclude that this hypothetical claimant would be precluded from employment. (R. 66.)

**DISCUSSION**

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that her impairment prevents her from returning to his/her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and

which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

> (1) whether the plaintiff is currently working;
>
> (2) whether the plaintiff suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
> (4) whether the impairment prevents the plaintiff from continuing her past relevant work; and
>
> (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing her past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work she has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments,

working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to her past relevant work given her residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

In the instant case, plaintiff argues that the ALJ erred in finding that the residual functional capacity was not supported by substantial evidence, that the ALJ improperly discounted plaintiff's credibility as to her expressed intensity, persistence, and limiting effects of her symptoms, and that the vocational expert could not provide substantial evidence to support the denial of her disability claim (Docket No. 9, Pl. Memo. at 1, 12-16, 16-19, 19-20). These three issues interrelate on plaintiff's credibility as to her symptoms, especially her mental condition. For example, Christine Ransom, Ph.D., opined in the psychiatric evaluation that plaintiff was permanently disabled because she still had moderate symptomatology (Docket No. 9, Pl. Memo. at 12; R. 192). Plaintiff contends that the ALJ did not properly consider the opinions of Dr. Ransom, Dr. H. Tzetzo, Dr. Anthony Racaniello, and Dr. Tulio Ortega (Docket No. 9, Pl. Memo. at 12-15). Defendant states that plaintiff seeks to give more credence to Dr. Ransom's November 2009 assessment than her October 2008 report (id. at 12-13; cf. Docket No. 17, Def. Reply Memo. at 1).

I.      Residual Functional Capacity

"Marked limitation" means more than moderate but less than extreme (R. 30). Moderate means that the impairment does not "interfere seriously with [the claimant's] ability to function

6

independently, appropriately, effectively, and on a sustained basis," 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(C); see also 20 C.F.R. §§ 404.1520a(c), 416.920a(c) (Docket No. 17, Def. Reply Memo. at 3). Plaintiff replies that there is no authority for defendant's definition of moderate limitations (Docket No. 18, Pl. Reply Memo. at 2, discussing 20 C.F.R. § 416.1520a(c) (no such section exists)). Defendant quotes above the Section 12.00(C) standard defining "marked" as the contrast for "moderate," 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(C), with the disability and supplemental income part sections referring back to the Section 12.00(C) evaluation standard. Key here is that the claimant needs to show at least marked impairments to be deemed disabled.

Here, plaintiff points to Dr. Ransom's opinion that plaintiff was moderately limited in performing four activities (R. 191; Docket No. 9, Pl. Memo. at 12), beyond self-reporting (cf. R. 33). Dr. Ransom concludes that plaintiff is permanently disabled because of continued moderate symptomatology (Docket No. 9, Pl. Memo. at 12; R. 192). But sustained moderate limitation does not make the combined limitations marked to constitute disability. Plaintiff also cites the consulting examiner, Dr. Tzeto, and the findings of moderate limitations (Docket No. 9, Pl. Memo. at 13; R. 335-36), but Dr. Tzeto did not find any marked limitation.

II.     Plaintiff's Credibility

Regarding plaintiff's credibility, plaintiff contends that the ALJ erred (cf. R. 32) in determining the residual functional capacity prior to making a credibility assessment (Docket No. 9, Pl. Memo. at 16-17). She contends that the ALJ did not evaluate regulatory factors, such as side effects of medication and actions to alleviate symptoms (id. at 18). But as defendant

notes (Docket No. 17, Def. Reply Memo. at 8-9), the ALJ did discuss those factors in concluding plaintiff's statements were credible (R. 32-36).

III.    Vocational Expert

The vocational expert relied upon what plaintiff considers the incomplete residual functional capacity proposed by the ALJ in rendering the expert's opinion (Docket No. 9, Pl. Memo. at 19-20).  Defendant responds that the residual functional capacity was supported by substantial evidence (Docket No. 17, Def. Reply Memo. at 10).

IV.    In Summary

Each of plaintiff's objections turn of the residual functional capacity found by the ALJ. Upon review of the administrative record and plaintiff's filed medical record there is support for the ALJ's residual functional capacity finding.

### CONCLUSION

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **ADOPTED**.  Defendant's motion for judgment on the pleadings (Docket No. 12) should be **granted** and plaintiff's motion for similar relief in her favor (Docket No. 9) should be **denied**.


Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within fourteen (14) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective**

Dec. 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).  **Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
_____
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
December 4, 2013